THE STATE OF IOWA *v.* BUTTERWORTH.

Where an action of trespass was brought in the name of "The State of Iowa, who sues for the use and benefit of the Des Moines navigation and railroad company," and the petition alleged that the trespass was committed on certain lands "belonging to, and being the property in fee simple of, the said state of Iowa;" and where the petition was demurred to, on the ground that it appeared from the petition, that the plaintiff had no interest in the subject matter of the suit, and that the real party in interest should sue for a trespass, and not another for his use, which demurrer was overruled; *Held,* That the words "for the use and benefit of the Des Moines navigation and railroad company," were mere surplusage, and that the demurrer was properly overruled.

Section 1676 of the Code, which provides that civil actions must be prosecuted in the names of the real party in interest, has reference, at least in part, to sections 949 and 952, which make claims assignable by writing, which before were not, so as to enable the assignee to sue in his own name.

Is a claim for a tort, assignable, *quere?*

*Appeal from the Webster District Court.*

THIS is an action for trespass, brought in the name of "The State of Iowa, who sues for the use and benefit of the Des Moines navigation and railroad company," for trespass on certain lands "belonging to, and being the property in fee simple, of the said State of Iowa." The defendant demurred to the petition, for the following reasons:

1. It appears by said petition, that the plaintiff has no interest in the subject matter of the suit.

2. The real party in interest should sue for a trespass, and not another, for his use.

3. The state of Iowa cannot sue for a trespass, for the use or benefit of any person or company.

The demurrer was overruled. The defendant appeals, and assigns the overruling of the demurrer for error.

*J. E. Jewett*, for the appellant.

*Knapp & Caldwell*, for the appellees.

WOODWARD, J. (1)—This court has decided that this manner of bringing a suit—this form and allegation—will not defeat it, and it is not a ground of demurrer, either in contract or in tort. Section 1676 of the Code, providing that civil actions must be prosecuted in the names of the real parties in interest, has reference undoubtedly, at least in part, to sections 949 and 952, which make claims assignable by writing, which before were not, so as to enable the assignee to sue in his own name. If, in a suit brought in the name of the assignor of a contract so assigned, it should appear that the demand was assigned, it would defeat the suit. If the contract is not, in fact, *so* assigned, it is not assigned *at all*, and then the suit is in the name of the real party in interest. What right the supposed beneficiary has, or what interest he acquired, under this form of allegation, and whether any, has not been determined, even in a case on contract.

But this is an action founded on a *tort*. Is a claim for tort assignable; or was it so, before the Code? There has been no case raising the question, that we are aware of. If it be not assignable, this action would seem to stand, in respect to this question, upon the same ground with one brought, in like manner, upon a contract not assigned in fact.

The common law doctrine concerning the equitable assignment of claims, is abrogated by the above provisions of the Code, and such assignments are placed upon a legal basis; and it seems to the court, that the view taken here, is the natural consequence of that change; and that the words "for the use of," &c., must be held, either to be mere surplusage, or to

(1) ISBELL, J., dissenting.

mean much more than we know how to give effect to under our statute.

The decision of the District Court is sustained, and the cause is remanded for further proceedings.

ISBELL, J., dissenting.—I know of no precedent or principle that will justify the above ruling, in an action founded on *tort*. The provision of the Code, § 1676, that "civil actions must be prosecuted in the name of the real parties in interest, except in the case of a trustee or other person legally authorized to sue for another, and except where otherwise provided for by law," I understand to mean, that the person's name must be used in whom the *legal* interest is vested; and that fictitious names, as in the old action of ejectment, are to be no longer countenanced. I also understand, that the effect of the words "who sues for the use and benefit of the Des Moines navigation and railroad company," is to give to the company the proceeds of the collection; and that whatever recovery may be had, will not be had by the state in her own right, but as trustee for the company. I know of no means whereby the state may become a trustee, for the recovery of money for a trespass committed on her own lands.