## SCOTT, for the use of BOLENBAUGH *v.* GRANGER.

Where in an action for money had and received by the defendant, for the use of the plaintiff, the petition alleged, that the money was paid to the firm, of which defendant was the survivor, for the purpose of entering a certain parcel of real estate, for which the plaintiff obtained the receipt of the firm, stating the amount of money, and describing the land to be entered; that the firm undertook and agreed to enter the land, without delay; that they failed to do so, but kept and used the money as their own; that relying on the promises of the said firm, and being assured by defendant, that the land had been entered as agreed upon, the defendant, for plaintiff, conveyed said land, by deed in fee simple, in plaintiff's name, to one B. for a valuable consideration; and that since that time, one G. had entered the land; and where the defendant demurred to the petition, for the following causes: 1. The petition does not show that plaintiff is a party to the original contract, or the assignee thereof; 2. The petition shows that B. has an adequate remedy against S. under his deed, and no right of action against defendant; 3. The plaintiff does not show that he has been dispossessed of the premises, or that the conveyance made him by S. has been questioned; 4. The deed from S. to B. is not set forth, nor is it alleged to have been a warranty deed; and where the demurrer was sustained by the court, and the suit dismissed; *Held,* 1. That the demurrer misapprehended the nature of the action, and the parties thereto; 2. That to bring the suit *for the use of* B. it was not necessary to assign

the receipt to him; nor was it material to consider his remedy against S.—whether he had been dispossessed—nor whether his title had been questioned; 3. That the demurrer was improperly sustained.

### Appeal from the Polk District Court.

THE petition in this case, avers that Scott deposited with, or paid to the firm of Granger & Reynolds, (the defendant being the survivor), a sum of money, for the purpose of entering a certain parcel of real estate, for which he obtained their receipt, stating the amount of money, and the land that was to be entered; that they agreed and undertook to enter the same, without delay; that they failed to do so, however, but with the intention of defrauding and injuring plaintiff, kept and used said money as their own. Plaintiff also states, " that relying on defendant's promise as aforesaid, and being answered, (assured?) by defendant, that the land had been entered as agreed, the said defendant, for plaintiff, did convey said land by deed in fee simple, in plaintiff's name, to one Jacob Bolenbaugh, for a valuable consideration;" and that since that time one Griffith has entered said land. To this petition there was a demurrer, for the following causes: *First.* Petition does not show that plaintiff is a party to the original written contract, or the assignee thereof; *Second.* The petition shows that Bolenbaugh has an adequate remedy against Scott, under his deed, and no right of action against defendant; *Third.* Plaintiff does not show that he has been dispossessed of the premises, or that the conveyance made by Scott has been questioned; *Fourth.* The deed from Scott to Bolenbaugh, is not set forth, nor is it alleged to have been a warranty deed. This demurrer was sustained, and the plaintiff not amending, the suit was dismissed, and he appeals.

*Jewett & Hull,* for the appellant.

*Barlow Granger, pro se.*

WRIGHT, C. J.—This demurrer appears to have misap-

Scott, for the use of Bolenbaugh v. Granger.

prehended the nature of the action, as also the parties thereto. It assumes that Bolenbaugh is the plaintiff, and suing in his own right. He does not claim to be the party to the original contract, or that the same has been assigned to him. But Scott, who brings the suit, was the party to whom the receipt was given, and with whom the contract to enter was made. And though Bolenbaugh may have an adequate remedy against Scott, that does not relieve defendant from his liability on his contract, nor is it any reason. why Scott may not sue for the use of Bolenbaugh, or any other person that he may name. There is no pretence from the petition, that plaintiff has ever been in possession of the premises, or that he has ever held any title to be questioned or doubted. On the contrary, the *gravaman* of his action is,. that defendant did not enter the land, so as to give him title, and the consequent possession, or the right thereto. Then where the necessity for his averring that he had been dispossessed, or that his title had been questioned, when he makes neither of these the ground of his claim for damages? Nor was it necessary to set out the deed to Bolenbaugh, nor is its character of any importance in this suit. As between Scott and Bolenbaugh, it may be material, and will measure their rights and liabilities·; but this suit is not brought on any covenants therein contained.. This action is between Scott and defendant, and is brought upon a contract to which they were parties, and not upon a contract between Bolenbaugh and defendant, or between Bolenbaugh and Scott. To bring the suit *for the use of* Bolenbaugh, it was not necessary to assign the receipt, or original contract to him; nor is it material to consider his remedy against Scott,—whether he has been dispossessed, nor whether his title has been questioned. The claim made, is that defendant received Scott's money, and undertook to enter certain land; that he did not enter the same, but appropriated the money to his own use, by which plaintiff has been damaged. How far his damage may be affected, by the fact that he conveyed the premises to Bolenbaugh, relying upon defendant's representations that the land had been entered, is a question not now arising. We

only determine, that the demurrer was not well taken. Whatever other questions there may be in the case, must remain for disposition, until they shall present themselves in the further progress of the case. See *State, for use, &c.*, v. *Butterworth*, 2 Iowa, 158.

Judgment reversed.