Fleming v. Mershon.

---

FLEMING, for the use, etc., v. MERSHON *et al.*

1. **Appeal: WHO MAY APPEAL.** In an action brought by A for the use of B and others not named, the persons for whose use the action is brought are not parties to the action in such a sense as will entitle them to appeal. COLE, J., dissenting.

2. **Parties:** WHEN ONE MAY SUE IN BEHALF OF OTHERS. To authorize a plaintiff to sue in behalf of others not named, they must have a common or general interest with him in the result sought to be accomplished by the proceeding.

3. ——— Persons severally charged with a tax have no such common or general interest in resisting its collection as will authorize one to sue for all. COLE, J., dissenting, and BECK, Ch. J., expressing no opinion.

*Appeal from Jasper District Court.*

WEDNESDAY, APRIL 30.

THIS action was commenced by the plaintiff in behalf of himself and numerous other persons, not named, to restrain, by injunction, the collection of a tax voted in aid of a railroad, by the voters of Newton township in Jasper county, Iowa. An order allowing the writ was made by Hon. John Mitchell, judge of the first circuit, of the fifth judicial district, and the writ was issued accordingly and served on the defendants.

At the ensuing term of the district court in March, 1872, the defendants moved to dissolve the injunction and to strike from the petition so much as seeks to obtain relief for any other persons than the plaintiff, for reasons specified in the motion. The motion was sustained and the injunction dissolved as to all parties except the plaintiff Fleming.

From this order a number of persons, by name, other than Fleming, appeal.

*Withrow & Wright* and *Clark & Ryan* for the appellants, in support of the proposition that there can properly be such a joinder, cited Revision, 1860, §§ 2759, 2763, and notes; *Canro* v. *Port Henry Iron Company*, 12 Barb. 28; *Loomis et al.* v. *Brown et al.*, 16 id. 325; *Flint* v. *Spurr*, 17 B. Monr. 512; Story's Eq. Pl., §§ 94, 95, 101–103, 157, and authorities cited; Ed. Tr. 168; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Fellows* v. *Fellows*, 4 Cow. 682; *Robinson* v. *Smith*, 3 Paige, 222; *Rutledge* v. *Corbin et al.*, 10 Ohio St. 478; *Howard* v. *St. Clair & M. L. & D. Co.*, 51 Ill. 130; *Mt. C. C. & R. R. Co.* v. *Blanchard*, 54 id. 240.

Fleming v. Mershon.

*Seevers & Cutts* and *Howe & Campbell* for the appellees.

MILLER J. — I. The first question presented by the record and arguments in this case is one of practice, viz.: Can persons not named as parties in the pleadings bring the case to this court by appeal? In *The State ex rel. Alderson* v. *Jones,* 11 Iowa, 11, it is held that an appeal from an order of the district court can be taken only by a party to the action in which such order is made. In that case one Moore claimed that he had asked leave of the court to file an affidavit and motion affecting the proceedings in the case, which the court refused to allow him to do, and that he excepted. From this ruling he appealed. This court, after finding that the record failed to sustain appellant's claim, say : " But admitting that the record as claimed by appellant is true and properly here, we cannot consider that there was any ruling of the court below from which Moore could appeal. Moore was not a party to this proceeding either as plaintiff or defendant. Nor had he ever asked to be made a party thereto. If he had such an interest in the result of the proceedings as would justify him in moving to set aside the order of the court, he should have asked leave to have had himself substituted as plaintiff or defendant; *until he was* thus made a party he was in no manner liable for costs, nor could he interfere with the rights of tho original parties." That case arose under the Code of 1851, but the Revision of 1860, like the Code of 1851, makes provision for taking appeals by parties only, it permits any one of several co-parties to appeal and provides the manner of bringing in the other co-parties, so as to join in the appeal, or failing to do so, are deprived of any of the benefits thereof. §§ 3517, 3518, 3519.

In this case the name of none of the appellants, except that of Skiff, appears in the proceedings in the court below, and his name appears, not as a party but as a person for whose use the plaintiff — the party of record — sues. This in no sense makes Skiff a party. These words, "for the use of Skiff and others," will be regarded as surplusage. *The State* v. *Butter-*

*field,* 2 Iowa, 158 ; *Scott, for the use, etc.,* v. *Granger,* 3 id. 447. And even if this were not so, and admitting that the plaintiff might properly bring an action in his own name and for the use of others, whether named or not, an appeal should be prosecuted in his name, for he is the party of record. As where an action is brought by a guardian or next friend of an infant, an appeal should be taken by and in the name of the guardian or next friend, and not by the infant in his own name.

Again, except as to Skiff, there is nothing in the record to show that the persons appealing are those for whose use plaintiff sues. In order to be entitled to appeal, they should have come in and been made parties in the court below. They cannot become such for the first time in this court. *Borgolthaus* v. *Farmers & Merch. Bk., ante,* 250.

II. Waiving, however, the question respecting the right of appeal, we come to the principal question in the case, which is as to the right of the plaintiff Fleming to maintain an action in his own name for and in behalf of others not named to enjoin the collection of the tax voted by the electors of the township.

This right is claimed under section 2763 of the Revision, which is as follows : " When the question is one of common or general interest to many persons, or when the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

Our statute has adopted the rule of courts of equity, as to parties, and the section above quoted adopts also the exceptions, which have been engrafted upon the rule in equity. The Revision (§ 2757) requires, as a general rule, that every action shall be prosecuted in the name of the real party in interest. The exceptions to this are embraced in section 2758. See *Conyngham* v. *Smith,* 16 Iowa, 471.

" All persons having an interest in the subject-matter of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except where it is otherwise provided." § 2759. " Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a

necessary party to a complete determination or settlement of the question involved in the action." § 2761; Story's Eq. Pl., chap. IV. "Persons having a united interest must be joined on the same side, either as plaintiffs or defendants. But when some who should thus be made plaintiffs refuse to join, they may be made defendants." § 2762; Story's Eq. Pl., chap. IV. Then follows the section first quoted, which is almost in the exact language in which the exceptions in equity are stated in Story's Eq. Pl., § 97.

The general rule in equity is, that all persons materially interested in the subject-matter, or in the *object* of the suit, should be made parties. Story's Eq. Pl., §§ 72, 76, 76a, 96; Culvert on Parties, 5, 6, 10, 11.

Upon this rule, courts of equity have engrafted certain exceptions, two of which are embraced in the section of the Revision first above quoted (2763). The object of a court of equity is to administer justice, " and it will not suffer a rule founded in its own sense of propriety and convenience to become the instrument of a denial of justice to parties before the court, who are entitled to relief." " If the rule, requiring all persons interested to be made parties, were to apply in its strictness," in all cases, " this consequence would follow, that justice," in some cases would be unattainable, because if it were necessary to put upon the record the names of all persons who are interested in the object of the suit, it might be impossible for the court to proceed to a final determination of the case. *Wood* v. *Dummer*, 3 Mason, 317; *Small* v. *Allwood*, 1 Younge, 457.

The rule, or rather the exception to the *general* rule, which allows the omission of parties interested in the question litigated, and the prosecution of an action by one in behalf of all others interested, was adopted therefore from necessity, to prevent a failure of justice.

Mr. Justice STORY in his work on equity pleading (§ 77), says: "All these exceptions will be found to be governed by one and the same principle, which is, that, as the object of the general rule is to accomplish the purposes of justice be-

tween all the parties in interest, and it is a rule founded, in some sort, upon public convenience and policy, rather than positive principles of municipal or general jurisprudence, courts of equity will not suffer it to be so applied as to defeat the purposes of justice." See also cases cited in note 1, 7th ed.

The various examples given by Mr. Story in his treatise on equity pleading fully illustrate and establish the principle upon which the exceptions classified by him in section 97 Equity Pleading, and as they are, in our statute, are adopted, namely, from the necessity of the case, to prevent a failure of justice (Story's Eq. Pl., § 96, and notes), hence it is that "where the question is one of common or general interest to many persons, who, according to the general rule, ought to be made parties, yet in order to prevent a failure of justice, one or more may sue or defend for the whole; or where the *parties* are very numerous and it is impracticable to bring them all before the court, — *parties* who, by the general rule, ought to be before the court — one or more may for the same reason sue or defend for the whole.

In the case before us the plaintiff alleges that the question presented by his petition is one of common or general interest to many persons, residents and tax payers of the same township in which plaintiff resides. We think the facts alleged in the petition do not bring these tax payers within the exception. If they were less numerous, if indeed there were but two or three in number, there would be no manner of necessity of making them parties plaintiff, for each may sue alone. The reason for the exception to the general rule does not apply, hence the exception has no application. The property of each tax payer is held in severalty and the non-joinder of the others could not be set up as a reason why the plaintiff should not be allowed to maintain the action for himself.

The case of *Bouton* v. *The City of Brooklyn*, 15 Barb. 390, was a case like the one before us, and in an able and well-considered opinion that court held that one tax payer could

not sue on behalf of others subject to the same tax, basing its decision upon the principle above announced. So in the case of *Cutting et al.* v. *Gilbert et al.*, 5 Blatch. 259, which was a bill in equity filed in the circuit court for the southern district of New York, by six firms licensed and doing business as bankers and brokers under the internal revenue laws of the United States, against the assessor and collector of the district, *"as well for themselves as all others in the same interest,"* it was held by Mr. Justice NELSON that the plaintiffs could not maintain the action thus brought. To the same effect is the case of *Armstrong* v. *The Treasurer of Athens Co.*, 10 Ohio, 235.

We have examined all the cases cited by counsel as well as those cited by Story in his treaties on Equity Pleading, and find no case holding that one or more tax payers may, for themselves and others chargeable with the same tax, enjoin the collection of the same on the ground of alleged illegality, nor have we been able to find any analogous case. On the contrary the cases above cited, which are the only ones found directly in point, hold that it cannot be done. The cases cited by appellants' counsel all come within the well-recognized exceptions founded upon the principle above announced.

Again, how can it be said that all the tax payers of a township have a common or general interest in resisting the collection of a tax, voted by a majority of the electors, to aid in the construction of a railroad through the township?

It may be affirmed with at least equal propriety that some at least, perhaps a majority, would deem it more conducive to their common or general interest to enforce the collection of the tax and secure the construction of the railroad.

To authorize the plaintiff to sue in behalf of others not named, they must have a common or general interest with him in the object of the action, in the result sought to be accomplished by the proceedings. Persons charged severally with a tax have no such *common* or *general* interest in resisting its collection as will authorize one to sue for all.

In support of the views expressed in this opinion see also the

Fleming v. Mershon.

following cases: *Adair* v. *New River Co.*, 11 Ves. 445; *Lloyd* v. *Soaring*, 6 id. 779; *Vernon* v. *Backerly*, 2 Atk. 145; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Stevens* v. *Perit*, 3 Metc. 474; *Crease* v. *Babcock*, 10 id. 531; *Fellows* v. *Fellows*, 4 Cow. 682; *Robinson* v. *Smith*, 3 Paige, 222; *Hendricks* v. *Brown*, 2 Johns. Ch. 283.  See also Story's Eq. Pl., ch. 4, and cases cited in notes.

BECK, Ch. J. — I concur in the conclusion reached in the foregoing opinion upon the first point ruled, and am well satisfied of its soundness.   The persons for whose benefit the action was prosecuted are not parties thereto and for this reason cannot appeal.   *Borgolthaus* v. *Farmers & Mechanics' Ins. Co.*, *ante*.   The fact and conclusion here stated I do not doubt. This disposes of the case in my own mind and renders the consideration of the other point decided unnecessary.   I confess that I have given it considerable attention and have been unable to arrive at a conclusion that gives me entire satisfaction.   In view of the very great importance of the question and of the further fact that it has not been, in my opinion, argued as fully as its character demands, I think it the safer course to withhold the assent of my mind to a conclusion at this term, especially as a decision of the point is not necessary to a proper disposition of the case.   The question as to the constitutionality of the law under which the tax is voted, is not made in the case.   My opinion on that subject, which I have heretofore expressed, remains unchanged.

Upon the ground stated, it is my opinion that the judgment of the district court ought to be

Affirmed.

COLE, J., dissenting. — I do not concur in the premises, reasoning or conclusion of the foregoing opinion.

The petition of the plaintiffs is entitled as follows — " *A. J. Fleming for the use of Wm. R. Skiff et al.* v. *J. R. Mershon et al.*"   Among other averments, the petition contains the following : " And your petitioner further alleges that the ques-

Fleming v. Mershon.

tion presented by this petition is one of common or general interest to many persons, residents and tax payers of said Newton township, and it is impracticable, therefore, to bring them all before the court in this action, and for that reason, therefore, this suit is brought by your petitioner for the use and benefit of them all, as well as his own individual benefit, it being impracticable to bring all the parties in interest before the court."

Our statute enacts as follows: Section 2763. "When the question is one of a common or general interest to many persons, or when the parties are very numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." It will be observed that the averments of the petition, as above set out, embrace the very words of the statute itself. The motion made by the defendant, and which the district court sustained, was, "to strike from the petition so much thereof as seeks to obtain the relief asked in the petition for any other person than the plaintiff A. J. Fleming, and to dissolve the injunction," etc., as to them. The motion was based alone upon the averments of the petition, and no showing contrary thereto was made or attempted.

Now, I hold, that since the plaintiff has, by his averments, brought the case within the statute, he is entitled, both for himself and the many persons for whose benefit he sues, to the standing and right which the statute expressly declares, to maintain his action in that form. I do not now say that the defendants might not, by a motion for a more specific statement, or upon a motion, supported by affidavit denying the averments as to numerous parties, the common interest or the desire to join, etc., require a more specific statement as to who the parties are, how numerous, wherein they have a common or general interest, or what sanction, express or implied, such parties give to the action. These questions are not involved, and I express no opinion upon them. What I maintain is, that the plaintiffs having brought themselves within the statute are entitled to its benefits.

But, by the foregoing opinion of Mr. Justice MILLER the statute is completely *nullified*, and we are *remitted* to the old chancery rules and exceptions — just this and no more. Now, I deny that those rules and exceptions are so narrow, limited and restrained as they are in that opinion stated to be; and in support of my position I rely upon the cases he cites, and upon these further authorities. 1 Danl. Ch. Pr. & Pl. 284; 1 Story's Eq. Jur., §§ 546, 547, 548; *Rutledge* v. *Corbin et al.*, 10 Ohio St. 478; *Howard* v. *St. Clair & M. L. & D. Co.*, 51 Ill. 130; *Mt. C. C. & R. R. Co.* v. *Blanchard*, 54 id. 240, and *Flint* v. *Spurr*, 17 B. Monr. 512.

And, further than this, I maintain even if the chancery rules and exceptions are just as Mr. Justice MILLER states and construes them, that it by no means follows that our statute is to have the same narrow and limited construction. Those exceptions were innovations or encroachments made by courts of equity upon general rules and principles respecting parties to actions. And, as a matter of course, they were kept within the very narrow limits of the necessity of the cases which called them into recognition. In other words, courts of equity were restrained by every consideration for precedent and established rules, to encroach by way of exception only so far as imperative necessity required in order to attain justice in the particular cases.

But our statute has enacted the exception (as is claimed by Justice MILLER's opinion) into a positive rule. Not only so, but the same statute declares that the rule as thus enacted, and all others, " shall be liberally construed with a view to promote its object and assist the parties in obtaining justice." § 2622. " Hence, if the exception as declared in the equity courts was just the same in terms as our statute has enacted into a positive rule, it would not follow that we should place upon it the same limited construction as it received in the courts when it was only a recognized exception to a general rule. I am constrained to suspect from our consultations in this and two or three other cases, that I am given to excessive liberality " with a view to assist parties in obtaining justice."

And I am free to confess that I have but little patience with that disposition which I think I sometimes see manifested in construing remedial statutes, to ignore the light of the present, repudiate the progress made, and to retreat to the beclouded past and borrow its dim light by which to interpret the enactments of to-day; although, when viewed in the clear light of the present, they are so plain that one need not err.

From the construction placed upon this section by the foregoing opinion, it must follow that each tax payer will have to bring a separate suit to enjoin the collection of an illegal tax, and we must have as many suits as there are tax payers who resist, or, if all the tax payers may join in the same suit (which was expressly denied in *Armstrong* v. *The Treasurer*, 10 Ohio, 235), then, in case they are numerous, the suit could never be brought to a hearing, because of deaths and successions. In either alternative, it is a practical denial of justice.

It may be proper for me to add something further in answer to the first point of the majority opinion, respecting who are parties in a case like this. In the first place it will be seen that the defendant has treated the other persons than the one named as plaintiff, as being before the court, since his motion was made for the purpose of getting rid of them as parties. If they were not parties and before the court, the motion was unnecessary and irrelevant, and should have been overruled for that reason; if they were parties in such sense as to render it necessary to strike, from the petition, their names and the averments upon which they seek to obtain relief, then they were parties, in such sense as to entitle them to resist the motion and to reverse the ruling, if erroneous. The defendant having treated them as parties by aiming the motion at them, ought to be estopped from saying they are not parties, when they resist.

The case of *The State for use, etc.* v. *Butterfield*, 2 Iowa, 158, referred to in the majority opinion, does not support its conclusion. That was an action in tort for a trespass, and the defendant, by demurrer, assailed the right to bring an action in that form for a tort, but the district court overruled the

demurrer and sustained the action; and the supreme court affirmed that ruling. The point discussed in the opinion related to the assignability of claims for torts, and the majority of the court held that if the claim had not been assigned, the words "for use, etc.," might be regarded as surplusage, and then the action was brought in the name of the real party in interest. ISBELL, J., dissenting, held that those words showed that the proceeds belonged to the beneficiaries. In the other case cited (3 Iowa, 447), the action was brought by *Scott for the use of Bolenbaugh* v. *Granger*, and the defendant demurred upon several grounds, one of which related to the party plaintiff; and the district court sustained the demurrer. The supreme court reversed the judgment, and, among other things said, "and though Bolenbaugh may have an adequate remedy against Scott, that does relieve defendant from his liability on his contract, nor is it any reason why Scott may not sue for the use of Bolenbaugh or any other person he may name." Surely, these cases are in direct conflict with the view they are cited to sustain, and, further than this, it has been expressly decided in this State, that the holder of a note may bring suit on it in the name of the payee, for the use and benefit of the holder; and in such case any defense available against the payee may be set up against the holder. *Temple* v. *Hayes, etc.*, 1 Mor. 9; *Long, for use, etc.* v. *Long*, id. 43.

But again, the majority opinion seeks to support its conclusion, by saying that if the suit was properly brought by the plaintiff "an appeal should be prosecuted in his name, for he is the party of record." Grant it. *That is precisely what has been done in this case.* The appeal was taken, the cause was docketed in this court and *the majority opinion itself* is entitled, all in exact accord with the name and title of the action as originally brought and entitled in the court below. The *notice* of appeal, however, was signed by H. J. Skiff, and others. This was proper, since they alone appealed. If those not named in the petition had no right to join by name in the notice of appeal, this would not affect the right of H. J Skiff, who is named, to prosecute the appeal in his own name, for *he*

was named as a party to the record and beneficially interested in the action.

It must sufficiently appear (it seems to me) from what has already been said, that there is no legal or equitable ground whereon to rest the conclusion of the majority opinion; and yet it may be well to state briefly in quoted language the ground upon which the opposite conclusion might properly be reached. "The rule that persons claiming under different titles cannot be joined as plaintiffs in the same suit does not apply where their titles, though distinct, are not inconsistent with each other." *Cheshire Iron Works* v. *Gay*, 3 Gray, 531; *Merchants' Bank* v. *Stevenson*, 5 Allen, 502. "Thus all the creditors of a deceased debtor may be joined as co-plaintiffs." "It is a matter rather of convenience than indulgence, to permit such a suit by a few on behalf of all the creditors, as it tends to prevent several suits by several creditors," etc. *Ridgley* v. *Bond*, 18 Md. 433; *Shepherd* v. *Gurnsey*, 9 Paige, 337; *Hazen* v. *Durling*, 1 Green's Ch. 133. "One creditor may also sue when the demand is against the real as well as the personal estate; but although one creditor may file a bill on his own behalf alone, for administration of the personal estate, he cannot have a decree for administration of the real estate *unless he sue on behalf of himself and all other creditors.*" *Bedford* v. *Leigh*, 2 Dick. 707; *May* v. *Selby*, 1 Y.. & C. C. C. 235; S. C., 6 Jur. 52; *Blair* v. *Osmond*, 1 De G. & S. 428; S. C., 11 Jur. 665. Where the object of the suit is to restrain the commission of acts which are *ultra vires* or such that they cannot be confirmed by the members of a corporation, any one member may sue on behalf of himself and the other members to restrain them." *Hoole* v. *Gt. West. Ry. Co.*, 3 Ch. Appeals 262, decided December 12, 1867. These quotations are taken from Daniel's Ch. Pr. & Pl. 235–243 of Perkins' 4th Am. from 5th London ed., published in 1871, which see, together with authorities cited in the notes. The same doctrine may also be found in the authorities hereinbefore cited. They abundantly establish the rule that where several persons have distinct and separate interests, not inconsistent with each

other, one may sue for the benefit of all, and also, that where a corporation is acting *ultra vires* (which is just the case as made by plaintiff), one member may sue on behalf of himself and the other members to restrain them. This is what was done in this case, and the right to do which is denied by the majority opinion.

One paragraph more respecting the right of appeal by the parties for whose use the action is brought. " The court will generally require the bill to be filed, not only in behalf of the plaintiff, but also in behalf of all other persons interested who are not directly made parties (although in a sense they are thus made so), so that they may come in under the decree, and take the benefit of it, *or show it to be erroneous*, or entitle themselves to a rehearing." Story's Eq. Pl., § 96. " The other creditors (for whose benefit the suit is brought) may come in under the decree,  \*  \*  \*  and obtain satisfaction of their demands equally with the plaintiffs in the suit; and under such circumstances they are treated as parties to the suit." Id., § 99. " They are so far parties to the suit, that they have a right to appear and contest the validity of any asserted priority over other creditors." Id., § 101. In *Barker* v. *Walters*, 8 Beav. 97; S. C., 9 Jur. 73, Lord LANGDALE, M. R., ruled that the judgment in such an action was conclusive upon all, and a bar to any other action by others having a like interest with the plaintiff. The beneficiaries are, then, parties in such a sense as that they may appeal and show the order or judgment to be erroneous; otherwise they would be concluded by a judgment without the right to be heard in showing cause against. Surely, it must be true, that they can appeal in the name of the party specified on the record, when he does not object thereto.

So far as respects the concurring opinion by BECK, C. J., it appears to me to affirm a conclusion without admitting any premises whereon to rest it. The statute in question gives the right to bring the action in the name of one or more and for the use and benefit of all others having a like common interest, as parties plaintiffs, or it does not. To deny that the

statute makes them all parties, is to deny the statute *in toto.* It is impossible (it seems to me) to decide that the persons for whose use and benefit or in whose behalf the action is brought are not parties, without denying the right of the named plaintiff to bring the action. The sole object of the statute was to enable a named plaintiff to join with him, as plaintiffs in the action, numerous other persons having a like or common interest, without naming them.

I think the judgment should be reversed; but a majority think otherwise and order that the judgment stand

Affirmed.