BURGES ET AL. V. MABIN ET AL.

1. **Railroads**: TAX IN AID OF: REPEAL OF LAW: VESTED RIGHTS. Where a tax was voted in aid of a railroad March 15, 1884, under chapter 123, Laws of 1876, which was repealed April 9, 1884, by chap. 159, Laws of 1884, but prior to such repeal the company, relying upon the tax, had expended large sums in constructing the road, *held* that under § 45, par. 1, of the Code, the repeal of the statute did not have 'the effect to take away the company's right to the tax, although the levy was not made by the supervisors until September following the repeal. SEEVERS and REED, JJ., *dissenting*.

2. ———: ———: STATEMENT OF CONDITIONS IN LEVY. Where the railroad to be aided by a tax voted was completed before the tax was levied, the omission to state in the levy the time when the road was to be completed was not a vital defect which would defeat the tax.

3. ———: ———: ROUTE AND TERMINI OF ROAD. Where a tax in aid of a railroad was voted on the condition that the road should be completed "from the south line of the county of Hancock, *via* Garner, to a connection with the M. & St. L. Railroad," *held* that this condition with sufficient explicitness specified the route of the railroad and the points to which it should be completed before the tax was payable.

*Appeal from Hancock District Court.*

WEDNESDAY, APRIL 7, 1886.

ACTION to enjoin the collection of a five percentum tax, voted and levied to aid in the construction of a railroad. The railroad company constructing the road, and another interested therein, were made defendants to the action. The defendants united in an answer, to which a demurrer by plaintiffs was sustained. From this decision defendants appeal.

*S. K. Tracy* and *Soper, Crawford & Carr*, for appellants.

*Blythe & Markley, Miller & Cliggitt* and *Geo. E. Clarke*, for appellees.

BECK, J.—I. The petition alleges that the tax is invalid for the reasons that the conditions upon which it was levied

are not in accord with the condition of the vote; that the notice for the election does not comply with the law; and that the statute under which the tax was voted and levied was repealed by the legislature without any saving clause, whereby all proceedings in relation to the tax became void. The answer of defendants admits, substantially, the facts alleged in the petition, but denies that the tax is made invalid thereby, averring that after the tax was voted the railroad companies, defendants in this action, relying thereon, proceeded to expend large sums of money in the construction of the road before the repeal of the statute. A demurrer to this answer was sustained.

II. The tax in question was voted March 15, 1884, under chapter 123 of the Acts of the Sixteenth General Assembly, which was repealed by the act of April 9, 1884, **1. RAILROADS: tax in aid of: repeal of law: vested rights.** (chapter 159, Acts Twentieth General Assembly.) The defendant corporations allege in their answer that before the repeal of the statute they expended large sums in constructing the road, relying upon the tax in question. The act (chapter 159, Acts Twentieth General Assembly) repealing the prior statute contains no saving clause preserving rights which accrued under the act repealed. It is not and cannot be denied that if it had contained such clause the tax voted would not have been affected by the repeal, if the railroad companies had before acquired rights under the statute repealed. But we have a general statute which has the effect of a saving in repealing statutes. Code, § 45, contains a provision in this language. "The repeal of a statute does not    *    *    *    affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed." This case is clearly within this general saving provision. The railroad companies had acquired a right to the tax when earned by the performance of the condition of the vote, by accepting the proposition made thereby, and by the expenditure of money in faith thereof. The vote, and the acceptance of the proposition by

the defendants, together with the expenditures raised, are obligations upon the tax-payers in the nature of a contract to pay the tax when the railroad companies should perform their obligation to construct the road. This obligation imposed a duty to pay the tax. The tax was voted and the work commenced before the repeal. The proceedings involving the tax have thus been commenced before the repeal. We discover that the railroad companies had a right to demand the payment of the tax when earned; that the statute imposed a duty upon the tax-payers to pay the tax upon the completion of the work; and that the proceeds involving the tax had been commenced all before the repeal. There rests no doubt, in our minds, that these rights, duties and proceedings were saved by the general statute above quoted.

III. It is insisted that the tax is illegal for these reasons: (1) That the levy does not contain the condition specified in

2. ——: ——: the notice, that the railroad shall be completed
statement of on or before the first day of September, 1884;
conditions in
levy. (2) that the notice of the election does not provide that the railroad shall be fully completed to any point before the tax shall be payable; (3) that the notice does not provide to what point the road shall be completed before the tax shall be payable.

The answer alleges that the railroad was fully completed before the levy of the tax could have been made by the supervisors of the county, as prescribed by law. Inferentially, it is alleged that it was in fact completed before the tax was levied, on the third day of September, 1884. It cannot be that the omission to state the condition in the levy that the road should be completed by the first of September is a vital defect, when the condition was complied with before the levy. We will presume that the performance of the condition was made known to the supervisors, and for that reason it was not incorporated in the levy. It would be a vain thing to do so, and for that reason it was not necessary to the validity of the tax to recite it in the levy.

IV.   The proposition voted by the people is upon the condition that the line of the railroad shall be completed "from the south line of the county of Hancock, *via* Garner, to a connection with or crossing of the Minneapolis & St. Louis Railroad." This condition with sufficient explicitness specified the route of the railroad, and the point to which it should be completed before the tax was payable.   Of course, the point of beginning, and point of intersection with the other railroad, are determined by the surveys or the actual construction of the work, one or both of which were contemplated by the notice.   The route is indicated by the provision in the notice that the road shall be built by the way of Garner.   It is shown by the answer that it was constructed on this line from the point of beginning to the point of termination contemplated by the notice.

3. ——: ——:
route and
termini of
road.

The foregoing discussion disposes of all questions arising in the case.   We reach the conclusion that the district court erred in sustaining the demurrer of plaintiffs to the answer of defendants.

REVERSED.

SEEVERS, J., *dissenting*.—The tax was voted upon conditions which had not been complied with when the statute was repealed.   The tax when voted amounted, simply, to a proposition on the part of the township to the railroad company.   The right to the tax did not accrue or become vested until the conditions had been complied with.   Making preparations to comply is not a compliance.   The railroad company could not be compelled to perform, and therefore the preparations made to comply did not create a binding contract.   The essence of a contract is materiality and the power to enforce it against both parties.   The accrued right contemplated by the statute is a vested right, and means something more than a right which may or may not accrue or vest at the option of one of the parties.   An accrued right means a perfect right, which can be enforced by due process

of law. No such right as this was in existence when the statute under which the right must have accrued was repealed. Under the acts of congress making grants of lands to the state for internal improvements, the state has made grants of a portion of the lands to certain named corporations upon conditions, and such grants have been resumed by the state, although preparations had been made to comply. The power of the state to do this has not been seriously doubted. The mere vote did not create a tax; there must be a levy. *Williams v. Poor*, 65 Iowa, 410. There was no levy until September, 1884. At that time the board of supervisors did not have power to make it. The statute authorizing the levy had been repealed. Prior to the repeal the right to the tax was a mere expectancy which existed under the general legislative policy of the state. A mere expectancy cannot be regarded as an accrued right. Cooley, Const. Lim., 440. Such general laws may be changed and repealed at the pleasure of the general assembly. An accrued right cannot be acquired under the expectation that such laws will be continued in force. *Shiner v. Jacobs*, 62 Iowa, 392. In my opinion, the court below correctly held that the facts pleaded by the defendants were insufficient.

REED, J., concurs in this dissent.