Allard et al. v. Gaston et al.

ALLARD ET AL. v. GASTON ET AL.

| 70 | 731 |
| 78 | 311 |
| 78 | 312 |

1. **Railroads:** TAX IN AID OF: DEFECTIVE NOTICE: CH. 123, LAWS OF 1876. A tax voted in aid of a railroad under chap. 123, Laws of 1876, is invalid, and cannot be enforced, when the notice of the election does not state to what point the road must be completed before the tax shall become due. (See § 2 of that act.)

*Appeal from Tama District Court.*

THURSDAY, OCTOBER 21, 1886.

ACTION in chancery to enjoin the collection of a five per centum tax to aid in the construction of the Wisconsin, Iowa & Nebraska Railroad. A temporary injunction was allowed, which, upon the final trial, was dissolved. Plaintiffs appeal.

*Stivers & Louthan,* for appellant.

*Hubbard, Clark & Dawley,* for appellees.

BECK, J.—I. The petition alleges various causes which it is claimed render the tax invalid. Among the other grounds of invalidity, it is shown that the notice of the election for the tax does not comply with the requirements of the statute authorizing taxation in aid of railroads, which provides that such notice, among other things, shall show " to what point the road shall be fully completed" before the tax shall become due and payable. Laws 1876, chap. 123, § 2.

The notice of the election contains the following, and no other conditions:

"(1) That one-half of said tax shall be due and collectible when said road is constructed through said township, and the other half in the year following; (2) that fifty consecutive miles of said railway shall be completed, passing through said

township, and the cars running thereon; (3) that said tax shall become null and void unless said railway shall be completed through said township, and as above specified, and the cars running thereon, by the first day of December, A. D. 1883; (4) that said company shall erect and maintain a depot within 1,500 feet of the windmill used by the T. & N. W. R. R. Co., at Gladbrook, Iowa, in said township; (5) that said tax shall be levied in the year of 1882 upon the taxable property of said township, as shown by the proper books and records for that year."

The statute provides that the notice shall specify to what point the road shall be fully completed before the tax can be collected. Authority to vote and levy the tax rests upon a substantial compliance with the requirements of the statute in the performance of the conditions upon which the authority is granted. These are jurisdictional matters, and, unless they be shown, there is an absence of authority to vote the tax; and an election held where jurisdiction is wanting to vote the tax is void. Absence of authority will affect the acts of all who are required to act in matters touching the tax. In such case the township trustees cannot legally order the election, and no tax voted can be levied or collected; that is, such acts pertaining to the tax are void. The correctness of this conclusion cannot be doubted.

The condition for the completion of the road to a point named in the notice before the tax can be collected is express and plain. We are not required to inquire into its importance, or the purpose of the legislature in introducing it into the statute. It is to be enforced without regard to these matters, or to any conclusions we may reach in regard to them. But it is obvious that the point to which a railroad may be completed is a matter of the first importance to tax-payers. This conclusion is decisive of the case. Other questions discussed by counsel need not be determined.

Reversed.