BARTHEL v. MEADER ET AL.

1. **Railroads**: TAXES IN AID OF: REPEAL OF STATUTE: LEASE OF ROAD. Where a tax was voted in aid of a proposed railroad, but the statute under which it was voted was repealed before the levy was made, and the company in whose favor the tax was voted had not, prior to the repeal, expended any money in reliance upon the tax in constructing the road, and never did construct it, but transferred it by a perpetual lease to another company, which did construct it, but there was no assignment or transfer of the tax to such other company, and it does not appear that such company constructed the road relying upon the tax, *held* that the collection of the tax was properly enjoined. (*Burges v. Mabin*, 70 Iowa, 633, distinguished.)

*Appeal from Winneshiek District Court.*

WEDNESDAY, JUNE 22.

ACTION in chancery to enjoin the collection of a four per

cent tax, voted in 1883, to aid the construction of the Chicago, Decorah & Minnesota Railway. A decree was entered granting the relief prayed for by plaintiff. Defendants appeal.

*S. K. Tracy* and *Willett & Willett,* for appellants.

*L. Bullis* and *C. Wellington,* for appellee.

BECK, J.— I. The railroad corporation in whose aid the tax was voted, before the construction of its road, when only about $1,900 had been expended in its construction, transferred by lease, which is in effect perpetual, the contemplated road to the Burlington, Cedar Rapids & Northern Railway Company. The statute under which the tax was levied was repealed by chapter 159 of the acts of the Twentieth General Assembly. Subsequent to this repeal the taxes were levied, having been before voted.

II. This court has held, if money be expended, before the repeal of the statute, upon the faith of the tax, the repeal does not invalidate the tax, and it may be collected. *Burges v. Mabin,* 70 Iowa, 633. Of course, the expenditure must be for purposes connected with the construction of the road, and must have been made relying upon the tax as a part of the present or future assets of the road. If the expenditure was with the intention of obtaining reimbursement from other sources, as, for instance, from the transfer of the road, and not from assets of the corporation, including the taxes, and there was no actual appropriation of the anticipated taxes themselves, or of the money obtained upon the credit of such taxes, it cannot be said that such expenditure was made in faith of the taxes.

The Chicago, Decorah & Minnesota Railway Company expended money in surveying the railroad, after the tax was voted, before the repeal of the statute under which it was voted. Some grading had been done before the vote for the tax. Payments were made for right of way, but the amount and time of payments do not clearly appear. The total

expenditure was about $1,900. The road, before any more money was expended, was leased to the Burlington, Cedar Rapids & Northern Railway Company, which afterwards constructed it. Of the sums paid by the Chicago, Decorah & Minnesota Railway Company, above referred to, the larger part was repaid to it by the other company. The lease of the road imposed no obligation upon the Chicago, Decorah & Minnesota Railway Company to expend any money in the construction of the road, or for any other purpose, and it does not appear that it did so after the lease. It was simply the case of a corporation expending $1,900 in work preliminary to the construction of a railroad, and thereupon leasing the road which it did not undertake to build, and upon which it never afterwards expended anything. Surely the corporation cannot claim that the road has been built, or any money expended in constructing it, in faith of the tax. Even if it should be found, which does not clearly appear from the evidence, that a few hundred dollars was expended in surveys, and in procuring the right of way, which were not repaid, the corporation cannot, in equity, claim taxes amounting, probably, to many thousand dollars, on the ground that such taxes have been or are to be expended by it in construction of the railroad. There is nothing before us showing that the Chicago, Decorah & Minnesota Railway Company assigned and transferred the taxes to the Burlington, Cedar Rapids & Northern Railway Company, or that the last-named corporation constructed the railroad relying upon the taxes in question. There is no contract to that effect in the lease, and, in fact, no reference to the taxes is found in it. It recites that the inducement on the part of the lessor for the execution of the lease was that the bonds of the corporation and its " other means " would be insufficient, after the construction of the road, to equip it. But if the taxes are here referred to as a part of the " means " of the corporation, it is the only reference thereto found in the lease. But this does not amount to even the expression of an intention to

transfer the taxes to the Burlington, Cedar Rapids & Northern Railway Company.   It is not, therefore, entitled to enforce their collection.

In view of these considerations, we think that defendants have no claim to the taxes on the ground of the expenditure of money in faith of the taxes.   The effect of the repealing statute cannot be averted, and the taxes must be held void.

AFFIRMED.