YARISH v. THE CEDAR RAPIDS, IOWA FALLS & NORTHWESTERN R'Y CO. ET AL.

1. **Appeal:** WHO ENTITLED TO: PERSONS NOT PARTIES: PARTY NOT PREJUDICED. Where plaintiff entitled his action "*John Yarish, for himself and others, v.,*" etc., but no others were named as parties, but he averred in his petition that he brought the action for himself and all the other tax-payers of the township, some of whose names he gave, and claimed that for them he was authorized to prosecute, and the court sustained a motion to strike out of the petition all that portion by which he claimed to represent others, *held* that the other persons could not appeal from such ruling, because they were not parties, (*Fleming v. Mershon*, 36 Iowa, 413,) and that plaintiff could not appeal, because the order did not in any way prejudice him in the prosecution of his rights in the case.

2. **Railroads:** TAX IN AID OF: SUFFICIENCY OF NOTICE: COMPLETION OF ROAD: DESIGNATION OF TERMINI. Where the notice for an election on the question of voting a tax in aid of a railroad provided that the

OCTOBER TERM, 1887.                        557

Yarish v. The Cedar Rapids, Iowa Falls & Northwestern R'y Co. et al.

company to be aided should, by a designated time, have its line of rail-road ironed, and cars running thereon, "from the south line of said Hancock county, Iowa, *via* Garner, to a connection with, or crossing of, the M. & St. L. Railroad," *held* that this was a sufficient designation of the points to which the road should be "fully completed," within the meaning of Chap. 123, § 2, Laws of 1876; (following *Burges v. Mabin*, 70 Iowa, 633;) the words "fully completed" meaning only that the road should be constructed and the cars running thereon for the purpose of carrying passengers and freight. (*Allard v. Gaston*, 70 Iowa, 731, distinguished.)

*Appeal from Hancock District Court*—HON. J. B. CLE-
LAND, *Judge.*

WEDNESDAY, OCTOBER 12.

THIS is an action in equity by which the plaintiff seeks to enjoin the collection of a tax voted in Garfield township, Hancock county, in aid of the construction of the Cedar Rapids, Iowa Falls & Northwestern Railroad. A motion was made to strike out certain parts of the petition, which motion was sustained. Plaintiff appeals.

*George E. Clarke* and *A. C. Ripley*, for appellant.

*E. B. Soper* and *S. K. Tracy*, for appellees.

ROTHROCK, J.—I. The plaintiff entitled his petition as follows: "*John Yarish, for himself and others, v. The Cedar Rapids, Iowa Falls & Northwestern Railway Company and others.*" He averred in his petition that he prosecuted the action for himself and all the other tax-payers in the township; that the said tax-payers were too numerous to name specifically in the petition. He appended a list of the names of some of the tax-payers to the petition, with the amount of tax assessed to each, and claimed that for them he was authorized to prosecute the action. The defendants, by their motion, demanded that all that part of the petition by which the plaintiff claimed to represent others be stricken out, and the motion was sustained. The effect of the ruling on the

*(margin note: 1. APPEAL: who entitled to: persons sons not parties: party not prejudiced.)*

motion was that all that part of the petition by which Yarish
attempted to maintain an action for others not named as
plaintiffs was stricken out, and he was recognized as the sole
and only plaintiff.   The notice of appeal is not set out in the
abstract.   It is stated, generally, that " the plaintiffs appeal."
If by this it is meant that the persons for whom Yarish
brought the suit appeal, the appeal will not lie.   *Fleming
v. Mershon*, 36 Iowa, 413.   And it is very plain that, so
long as Yarish is allowed to prosecute his action without let
or hindrance, he has no right to appeal for others.   His
liability to pay the tax assessed upon his property is distinct
and several.   If every other tax-payer in the township should
pay his tax without suit, Yarish has the right to resist pay-
ment, and show, if he can, that the tax is illegal.

II.   It was alleged in the petition that the notice under
which the taxes were voted did not provide nor fix any point
to which the railway was required to be fully
completed before the taxes should be due and
collectible.   A copy of the notice is exhibited
with the petition, and that part of it material to
be considered is as follows:   " (1) Said Cedar
Rapids, Iowa Falls & Northwestern Railroad Company shall
be actively at work in the construction of its line of railroad
across the said east part of Hancock county, *via* Garner, on
or before the first day of June, 1884.   (2) Said Cedar Rap-
ids, Iowa Falls & Northwestern Railroad Company shall have
its line of railroad ironed, and cars running thereon, across
said east part of Hancock county, Iowa, *via* Garner, on or
before September 1, 1884, from the south line of said Han-
cock county, *via* Garner, to a connection with, or crossing
of, the Minneapolis & St. Louis Railroad.   If the above con-
ditions are fully complied with, then the said tax shall be due
and payable to said railroad company as above provided; and
if the said conditions shall not be fully complied with as
above provided, said tax shall be forfeited, and become null
and void."

2. RAILROADS:
tax in aid of:
sufficiency of
notice: com-
pletion of
road: desig-
nation of
termini.

The motion attacking the petition involved the question as to the sufficiency of this notice to authorize the levy of a tax. The district court, by its ruling on the motion, held that the notice was sufficient, and the appellant complains of such ruling. It is required by section 2 of chapter 123, Acts Sixteenth General Assembly, under which the taxes in question were voted, that the notice shall specify " the line of railroad proposed to be aided, the rate per centum of tax to be levied, and whether the entire per centum voted is to be collected in one year, or one half collected the first year and one-half the following year; and the amount of work upon said proposed railroad line required to be completed before said tax shall be paid to the railroad company, and where the same shall be performed, and to what point said road shall be fully completed, and any other conditions which shall be performed before such tax shall become due, collectible and payable; and in no case shall such tax become due, collectible or payable until the road be fully completed to such point as mentioned in the notice." It cannot be claimed that the notice is insufficient for the want of a proper description of the road to be aided by the tax. In *Burges v. Mabin*, 70 Iowa, 633, we held that a similar notice sufficiently specified the line of the railroad, and the point to which it should be constructed before the tax became payable.

But appellant insists that the notice is insufficient, because it does not require that the road shall be "fully completed" to the point named. It is claimed that in this respect the case is like *Allard v. Gaston*, 70 Iowa, 731, where we held that a tax was void because the notice did not specify to what point the road should be fully completed before the tax could be collected. But the decision in that case is not based upon any peculiarity in the language employed in the notice as to what is a completion of the road. It rests wholly upon the fact that no point is specified in the notice to which the road shall be constructed or completed. It was not determined

in that case that a notice, as in the case at bar, specifying the point to which the "railroad company shall have its line of railroad ironed, and cars running thereon," is not a substantial compliance with the statute. The evident object of the provision of the statute under consideration is that the tax-payer shall not be required to contribute to a partly-constructed railroad. The only benefit he derives from the road is in its operation. When the road is constructed, and the cars running thereon, it is a substantial compliance with the law. It is true that it is necessary for the railroad company to erect station-houses, surface the track, and make other improvements for the convenient transaction of its business as a carrier. But when the track is laid, and the cars running thereon for the purpose of traffic in freight and the carrying of passengers, we think that, as to the public, it should be regarded as a completed line. If the construction contended for by counsel be correct, the payment of a tax of this kind would in most cases be deferred for several years after the road is in operation. A railroad is not now regarded as fully completed until its track is thoroughly ballasted, and all the buildings and appliances for a supply of fuel and water for its engines are completed. These and other parts of a completed road are not what was in contemplation by the legislature in providing that the taxes should not be paid until the road is built.

In our opinion, the motion attacking the petition was correctly sustained.      AFFIRMED.