KLEISE *et al.* v. GALUSHA *et al.*

**Railroads:** TAX IN AID OF: INSUFFICIENT CONDITIONS IN NOTICE.   A.
   notice for a special election to vote on the question of aiding a
   railroad by taxation, which fails to state to what point the road
   shall be completed  before the tax shall become payable, is insuffi-
   cient under the statute.   And where, as in this case, the notice
   provided only that fifty miles of the road should be built through
   the township, and the cars running thereon, before the tax should
   be due, *held* that the tax voted thereon was void. (*Allard v.
   Gaston*, 70 Iowa, 731, *followed*, and *Bartemeyer v. Rohlfs*, 71 Iowa,
   582, and *Burges v. Mabin*, '70 Iowa, 636, *distinguished*.)

*Appeal from Jasper District Court.*—HON. W. R.
           LEWIS, Judge.

FILED, OCTOBER 4, 1889.

ACTION to enjoin the collection of certain taxes
levied in aid of the Wisconsin, Iowa and Nebraska Rail-
road Company, on the grounds (1) that the notice under
which the special election was held does not show "to
what point the road shall be fully completed" before
the tax shall become due and payable, as required by
statute; (2) that the tax was levied on the wrong year's
assessment, to-wit, on the assessment of 1882, instead of
1883; and (3) because the Wisconsin, Iowa and
Nebraska Railway Company, to which the tax was
voted, sold and conveyed the road and franchises to the
Iowa Improvement Company before the payment of the
tax, by reason of which said Wisconsin, Iowa and
Nebraska Railway Company was unable to give stock
to the taxpayers as they were entitled to.   Decree was
entered in the district court declaring the tax void, and
perpetually enjoining the collection thereof.   Defendants
appeal.

*Hubbard & Dawley*, for appellants.

*J. C. Cook*, for appellees.

GIVEN, C. J.—The notice under which the special election was held contains the following, and no other, conditions: "(1) That one-half of said tax shall be due and collectible when the cars are running on fifty consecutive miles of said road passing through the township, and the other half in one year from that date. (2) That fifty consecutive miles of said railway shall be completed, passing through said township, and the cars running thereon, before any of this tax is due and collectible or payable. (3) That said tax shall become null and void, unless said railway shall be completed through said township, as above specified, and the cars running thereon, by the first day of December, A. D. 1883. (4) That said company shall erect and maintain a passenger and freight depot, either upon the southwest quarter, section fourteen, or the southeast quarter, section fifteen, township eighty-one north, of range twenty, Jasper county, Iowa. That said tax shall be levied in the year 1882 upon the taxable property of said township, as shown by the proper books and records for that year." This notice is substantially the same as that in *Allard v. Gaston,* 70 Iowa, 731, which was held insufficient because it did not state to what point the road was to be fully completed before the tax should become due and payable. The notice in *Bartemeyer v. Rohlfs,* 71 Iowa, 582, is clearly distinguishable from these notices. That notice was for the construction of a line of railway from a point on the levee in Davenport, between Brady and Main streets, along the Mississippi river, to the western boundary of the city; thence, westwardly, to Anamosa, or to a point nearer, " to connect with a railroad not now running to Davenport." One-half the tax was to be paid when the line was completed within the city limits from the point of beginning, and the other half when thirty miles was completed for the passage of cars, or a connection made with some other road not running to Davenport. This case is also distinguishable from *Burges v. Mabin,* 70 Iowa, 636, wherein the condition was that the road

should be completed "from the south line of the county of Hancock, by way of Garner, to a connection with or crossing of the Minneapolis and St. Louis Railroad." True, the point on the county line and on the Minneapolis and St. Louis Railroad was left to be determined by the survey, but the notice was definite as to the point to which the road should be completed. We see no substantial difference between this case and *Allard v. Gaston*, and no reason for changing the views therein expressed. As this conclusion is decisive of the case, other questions discussed by counsel need not be determined. The decree of the district court is

AFFIRMED.