# IN THE COURT OF APPEALS OF IOWA

No. 18-0824
Filed April 17, 2019

**SHELBY ANTHONY VOGT,**
Plaintiff-Appellant,

**vs.**

**JOHN OGDEN, DENICE BENNETT,**
**and UNIVERSITY STUDIOS,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Plaintiff appeals the district court's dismissal of his petition in a landlord-tenant dispute. **AFFIRMED.**

Shelby Anthony Vogt, Waterloo, pro se appellant.

Nathan D. Miller and Kevin Ahrenholz of Beecher, Field, Walker, Morris, Hoffman & Johnson, PC, Waterloo, for appellees.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Shelby Vogt appeals the district court's dismissal of his petition in a landlord-tenant dispute. Vogt did not name as a defendant the corporate owner of the apartment building and did not file a motion to amend the petition. We affirm the district court's decision granting the motion to dismiss.

On January 2, 2018, Vogt, a tenant, filed a petition naming John Ogden,[1] Denice Bennett, and University Studios as defendants, claiming they had violated provisions of the Iowa Uniform Residential Landlord and Tenant Act, Iowa Code chapter 562A (2018). Some of the documents filed by Vogt in the case named Lane 7, LLC, as a defendant, although Lane 7 was not named as a defendant in the petition and Vogt did not file a motion to amend the petition to add Lane 7 as a party to the case.

Ogden, Bennett, and University Studios East[2] filed a pre-answer motion to dismiss, stating the petition failed to state a claim upon which relief could be granted and they had not been served with the petition or original notice. A document was filed showing a sheriff's deputy served Lane 7 by serving a copy of the original notice and petition to Ogden on April 6.

The district court granted the motion to dismiss, finding, "[T]he property sued upon is not owned by Mr. Ogden, that is held in a corporate name, which has not been listed as a defendant." Vogt now appeals the dismissal of the petition.[3]

---

[1] Some documents name John and Jack Ogden. The district court found John and Jack Ogden are the same person, with Jack being the nickname of John.
[2] University Studios East is apparently the same entity as University Studios, which was named in the petition.
[3] Ogden and Bennett waived filing an appellate brief.

We review the district court's ruling on a motion to dismiss for correction of errors at law. *Ackerman v. State*, 913 N.W.2d 610, 614 (Iowa 2018).

Vogt claims the district court should have permitted him to amend the petition to name the correct defendant, rather than dismiss the case. On appeal, Vogt claims the property in question is owned by Lane 7, which he states is owned by Ogden and managed by Bennett.

There is no transcript of the hearing on the motion to dismiss, and it is not clear from the present record who is the owner of Vogt's apartment building. The petition states Ogden is the owner. In the ruling on the motion to dismiss, the district court found the apartment building was owned by a corporation, not Ogden, but the corporate owner was not named in the court's order. In order to add Lane 7 or a different entity as a defendant, Vogt would need to file a motion to amend the petition, pursuant to Iowa Rule of Civil Procedure 1.402(5).

Vogt did not file a motion to amend the petition prior to the district court's ruling and the court never ruled on this matter. We conclude Vogt has failed to preserve error on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Therefore, we do not address the issue. *See Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 854 (Iowa 2011) (finding the court would not address an issue where error had not been preserved).

Vogt also states he attempted to serve Lane 7 in three different ways and this should be considered good cause for failure to serve notice within ninety days. We have already determined Lane 7 is not named as a defendant in the petition

and Vogt never filed a motion to amend the petition to add Lane 7 as a defendant. A person not named as a party in the pleadings is not a part of a judicial proceeding. *See Fleming v. Mershon*, 36 Iowa 413, 415 (1873).

Under rule 1.302, "A notice to the defendant, respondent, or other party against whom an action has been filed shall be served in the form and manner of this rule." Lane 7 was not made a party to the case and therefore the notice provisions of rule 1.302 were irrelevant.

We affirm the district court decision granting the motion to dismiss.

**AFFIRMED.**