RICHMAN ET AL. V. THE BOARD OF SUPERVISORS OF MUSCATINE COUNTY.

1. **Parties**: ACTION TO RESIST TAXATION: JOINDER OF PLAINTIFFS. The several owners of lands subject to assessment for the construction of a levee, under proceedings had by the county supervisors, may join as plaintiffs in an action the object of which is to declare the proceedings void. (See Code, § 2545, and cases cited in opinion.)

2. **Certiorari**: DEFECTIVE WRIT: ERROR WITHOUT PREJUDICE. Although a writ of *certiorari* may be defective in not requiring the defendants to certify the *facts*, yet, where they do certify the facts, a motion to quash the writ for that defect is properly overruled.

3. **Practice in Supreme Court**: ERROR NOT OBJECTED TO BELOW. If a judgment does not conform to the adjudication of the court, as shown by the records, a party who fails to ask for a correction in the court below cannot be heard to complain on an appeal to this court.

4. **Levees**: JURISDICTION OF BOARD OF SUPERVISORS: PRESUMPTION. A petition signed by a majority of the persons resident in the county and owning lands adjacent to a proposed levee, is the foundation of the jurisdiction of the board of supervisor in proceedings to cause such levee to be constructed, under chap. 2, tit. 10, of the Code, and chap. 44, Laws of 1882; and in the absence of a showing by the record of the board, or in some other manner authorized by law, no presumption will be exercised of the existence of such jurisdictional fact in such a case; —following cases cited in opinion.

5. ————: ————: PETITIONER SIGNING REMONSTRANCE. One who signs a petition for the construction of a levee, and afterwards signs a remonstrance, must be regarded by the supervisors as a remonstrant.

6. ————: ————: FINDING OF BOARD AS TO NUMBER OF PETITIONERS. A supervisors' record in relation to the construction of a levee which recites: "And it appearing to the board that the law has been complied with in relation to the appointment, notices, etc.," *held* not to show an adjudication that the proceedings were based upon a petition signed by a majority of the persons interested.

7. ————: ————: WORK IN TWO COUNTIES. Chap. 121, § 1, Laws of 1878, does not dispense with the necessity of a petition signed by a majority of the persons interested, in order to give the supervisors jurisdiction to construct a levee, where it extends into two counties.

8. **Practice on Appeal**: CERTIORARI: REASONS FOR JUDGMENT. On an appeal from a judgment in *certiorari*, this court can only inquire whether the judgment be right, and cannot consider the reasons on which it was based by the court below.

| | |
|---|---|
| 70 | 627 |
| 80 | 473 |
| 70 | 627 |
| 88 | 695 |
| 70 | 627 |
| 92 | 511 |
| 70 | 627 |
| L108 | 235 |
| 70 | 627 |
| 111 | 561 |
| 70 | 627 |
| d117 | 49 |
| 70 | 627 |
| 120 | 629 |
| 123 | 705 |
| 70 | 627 |
| d124 | 273 |
| 70 | 627 |
| f130 | 169 |

*Appeal from Muscatine Circuit Court.*

THURSDAY, DECEMBER 17, 1885.

CERTIORARI to review the acts and proceedings of defendants in authorizing the construction of a levee, and the assessment of taxes upon adjacent lands. The circuit court adjudged that the proceedings resulting in the levy of the taxes were illegal and void. Defendants appeal.

*Brannan, Jayne & Hoffman, Hall & Huston* and *Hurley & Hale,* for appellants.

*Richman, Burk & Russell* and *J. Carskaddan,* for appellee.

BECK, CH. J.—I. The levee built under authority of the proceedings had in this case is upon Muscatine island, a large island in the Mississippi river, which lies both in Muscatine and Louisa counties. The levee extends from or near the city of Muscatine, in Muscatine county, to or near to Port Louisa, in Louisa county, a distance of about twelve miles. Four miles of the levee are in Muscatine county. Proceedings were had, in pursuance of the statute, before the supervisors of both counties, to authorize the construction of the work. Those had by the board of supervisors of Muscatine county are brought in question in this case.

1. PARTIES: action to resist taxation: joinder of plaintiffs.

II. Fifteen plaintiffs join in the action, each one of whom is an owner of lands subject to assessments on account of the construction of the levee. Defendants moved the circuit court to strike the names of all the plaintiffs, except one, from the petition, for the reason that they are misjoined as plaintiffs. The motion, we think, was rightly overruled. Code, § 2545, provides that "all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except where it is otherwise provided in

this Code." The subject of the action is the proceedings of the board of supervisors authorizing the construction of the levee. All of plaintiffs have an interest in this subject and in the remedy sought. Their interest is alike, though not equal. The remedy sought is a judgment declaring the proceedings void. One judgment will afford the relief asked by each plaintiff. Indeed, it would seem that the adjudication to the effect that the proceedings are void ought to be regarded as determining the illegality and invalidity of these proceedings as to the whole world, and render them incapable of enforcement. But, be this as it may, it is certain that the plaintiffs have a common interest in the subject of the action and in the relief sought therein; they may therefore join as plaintiffs. See *Skiff v. Cross*, 21 Iowa, 459; *Brandirff v. Harrison Co.*, 50 Id., 164. *Independent School-dist. Graham Tp. v. Independent School-dist. No. 2*, Id., 322, and *Bort v. Yaw*, 46 Id., 323, are unlike this case, inasmuch as the plaintiffs in the respective cases were not interested alike in the relief sought. Each plaintiff sought distinct relief.

III. A motion to quash the writ of *certiorari*, on the ground that it does not require the defendants to certify the facts in the case, requiring nothing more than the records, was overruled. The defendants did certify all the facts they deemed material, and the case was tried thereon. Assuming that the form of the writ is erroneous, yet, as the defendants brought for review all the facts before the court which were considered, no prejudice resulted on account of the error.

2. CERTIORARI: defective writ: error without prejudice.

IV. Counsel for defendant think that the circuit court did not adjudge that the defendants exceeded their jurisdiction, and that the only illegality found by the judgment pertains to the levy of the assessment. The record before us clearly shows that the circuit court did hold that the proceedings were void for the reason that they were illegal, and in excess of the authority

3. PRACTICE in supreme court: error not objected to below.

630 SUPPLEMENT.

Richman et al. v. The Board of Supervisors of Muscatine County.

of the supervisors. If the judgment does not conform to this adjudication, defendants, having failed to ask for the correction in the court below, cannot now complain. It may, upon affirmance of the case, be corrected so as conform to the adjudication, to the effect that the supervisors exceeded their jurisdiction.

V. In our opinion, the record before us fails to show that defendants had jurisdiction, and in the absence of such

4. LEVEES: jurisdiction of board of supervisors: presumption.

showing the law presumes that they acted without jurisdiction. Chapter 2, tit. 10, of the Code, (sections 1207–1216,) and chapter 44, Acts Nineteenth General Assembly, confer authority upon the supervisors of the counties to cause levees to be constructed. Code, § 1208, provides that, in order to empower the board of supervisors to exercise such authority, " a petition signed by a majority of persons resident in the county owning lands adjacent to such improvements, shall be first filed in the office of the county auditor, setting forth the necessity of the same, and the starting point, route and *termini*." The section contains various other provisions which need not be here recited. Section 1209 provides that " the supervisors, at the session set for the hearing of said petition, shall, if they find the preceding section to have been complied with, proceed to hear and determine said petition." A consideration of these sections and others of the statute leaves no doubt in the mind that the petition of the character, and signed by the residents interested in the improvements, as prescribed by section 1208, is a jurisdictional matter. Unless the requirements of these sections are complied with, the supervisors can obtain no jurisdiction. The petition signed by a majority of residents interested in the work is the essential foundation and support of the jurisdiction of the supervisors. The reason for the requirement is obvious. The exercise of the authority conferred upon the board involves heavy and often oppressive assessments upon lands. The law intends to withhold from a few interested persons the power

to set in motion the machinery of proceedings which would result in burdening others with taxes. The supervisors can acquire no jurisdiction in the absence of a petition of a majority of the residents interested in the improvements. There is nothing in the abstract before us showing that the supervisors found or adjudged that the petition was signed by the required number of residents who are interested in the improvements, nor was proof upon that point submitted to the court below. The supervisors constitute a board,—a court of special and limited jurisdiction. In the absence of a showing by the record of the board, or in some other manner authorized by law, no presumption will be exercised of the existence of the jurisdictional facts necessary to show that the supervisors acquired authority to act. We cannot presume the existence of facts upon which their jurisdiction wholly depends. See *State v. Weimer*, 64 Iowa, 243; *State v. Berry*, 12 Id., 58; *Cooper v. Sunderland*, 3 Id., 114; *Morrow v. Weed*, 4 Id., 77.

VI. Counsel for defendant, relying upon *City of Burlington v. Gilbert*, 31 Iowa, 356, insist that plaintiffs cannot in this proceeding, object to the assessment, for the reason that they signed the petition for the improvement. But the abstract fails to support the fact upon which this position is based. It does not appear that plaintiffs were petitioners. One of them signed the petition, but afterwards signed a remonstrance. He must be regarded, not as a petitioner, but as a remonstrant.

VII. It is claimed that the record of the proceedings of the board of supervisors shows an adjudication that compliance was had with the law as to the number of petitioners. The petition is based upon a record in which the following language is found: "And it appearing to the board that the law has been complied with in relation to the appointment, notices, etc." This language cannot be understood as applicable to the petition. The enumerated subjects, "appointment" and "notices," do

not include the petition, and the "etc." fails explicitly to refer to the petition; and, applied in its most general sense, the language fails to express the thought that the petition is referred to by the record. The facts of this case distinguished it from *Ryan v. Varga*, 37 Id., 78.

VIII. It is next insisted that under chapter 121, Acts Seventeenth General Assembly, § 1, a petition signed by a majority of the residents interested in the improvement is dispensed with, in cases where the improvement extends to more than one county. This section has no such force. It simply prescribed proceedings where "a petition * * * has been presented," to the supervisors of more than one county, for work extending through their respective counties. The section clearly prescribed duties that shall be performed after the petition required in the preceding enactment has been presented.

7. ——. ——: work in two counties.

IX. We conclude that the abstract before us shows that defendants acted without jurisdiction, and that the assessments and other acts done by them are void. We reach this conclusion upon grounds different from those upon which the court below based its judgment. But with the reasons of a judgment we have nothing to do; we can only inquire whether the judgment be right. In our opinion the judgment of the circuit court is correct.

8. PRACTICE on appeal: certiorari: reason for judgment.

The points we have considered are decisive of the case. Others discussed by counsel need not be considered.

AFFIRMED.