ESTHER SCHUMACHER, Appellant, v. CITY OF CLEAR LAKE, Appellee.

No. 41133.

NOVEMBER 24, 1931.

REHEARING DENIED MARCH 8, 1932.

Ira W. Jones, for appellant.

E. B. Stillman and Senneff, Bliss, Witwer & Senneff, for appellee.

MORLING, J.—I. Plaintiff's property was specially assessed in 1930 for curbing and paving. The contract amounted to more than $5,000. By the resolution of necessity the entire cost, including cost of intersections, was to be levied as a special assessment. The contract called for extra excavation, which at the estimated yardage would amount to $600, but in fact amounted to less. There were deficits in the special assessments caused by reductions. The city paid for replacements of broken

curbs and paid for incidentals. The result of these matters was that $1510.71 was paid from the general fund of the city. The council provided for the execution of street improvement bonds, pursuant to Section 6109, Code, 1927. The provisions of the budget law, Chapter 23, Code, 1927, were not observed, and plaintiff contends that because thereof the contract is void.

Chapter 308, Code, 1927, gives to cities the power to curb and pave streets and to specially assess the cost against privately owned property. Section 6001, Code, 1927, provides:

"When the construction or repair of any such street improvement or sewer is ordered, the council shall contract for furnishing labor and material and for the construction or repair, either of the entire work in one contract, or for parts thereof in separate and specified sections; but no work shall be done under any such contract until a certified copy thereof shall have been filed in the office of the clerk."

As a prerequisite to specially assessing private property for street improvements, a resolution of necessity "stating the kinds of material proposed to be used and method of construction," etc., must be proposed, and before the resolution is introduced, there must be filed "a plat and schedule showing: * * * 4. Each lot proposed to be assessed together with a valuation fixed by the council. 5. An estimate of the cost of the proposed improvement, stating the same for each different type of construction and kind of material to be used. 6. In each case the amount thereof which is estimated to be assessed against each lot." (Sections 5991, 5993.) Notice of hearing and opportunity to object are required. By the budget law:

"Before any municipality shall enter into any contract for any public improvement to cost $5,000 or more, the governing body proposing to make such contract shall adopt proposed plans and specifications and proposed form of contract therefor, fix a time and place for hearing * * * and give notice thereof * * *." Section 352.

Any person interested may "file objections to the proposed plans, specifications or contract for, or cost of such improvement." Section 353. An appeal may be taken to the budget director, in which case a copy of the plans and specifications,

copy of proposed contract, estimate of cost, statement of the taxable value of the property within the municipality, indebtedness, etc., are required to be certified to him. Section 355. As the law was prior to the amendment, Forty-third G. A., Chapter 19, the director was required to "examine, with the aid of competent assistants, the entire record," and if he should "find that the plans and specifications and form of contract are suitable for the improvement proposed and that it is for the best interests of the municipality and that such improvements can be made within the estimates therefor," he was required to approve; otherwise to "recommend such modifications of the plans, specifications, or contract as in his judgment" should be for the public benefit, and if such modifications were so made, to approve the same. Section 357.

The Court is of the opinion that the contract in this case is entirely outside the purview and purpose of the budget law, which, so far as this case is concerned, "is to secure economy in and fair prices for building or other construction work to be paid for 'out of the funds of the municipality'" and "is directed to the promotion of economy in the letting of public contracts." See Carlson v. Marshalltown, 212 Iowa 373.

Chapter 308, Code, 1927, makes quite adequate provisions for the accomplishment of these purposes. The proposed resolution and the plat and schedule are required to state the kinds of material proposed to be used, method of construction, estimated cost for each different type of construction and kind of material to be used, and the amount to be assessed against each lot. Notice to the owners of property subject to assessment is required, and they are permitted to make objections. The record is required to show whether the improvement is petitioned for or made on motion of the council (Section 5999). When the construction is ordered, the council is required to contract, and no work may be done until the contract or certified copy has been filed. (Section 6001. See amendment Forty-third G. A., Chapter 179, Section 2.) The contract is required to be let on competitive bidding. No appeal from the order of establishment is provided for, but appeal from the assessment is allowed. To superimpose the provisions of the budget law would be to hamper and obstruct the municipality and the property owners in their right to make public improvements and to introduce con-

fusion, incongruity, and uncertainty into definitely prescribed procedure therefor..

■ Lots belonging to a school district were to be assessed. The school district entered into no contract. It was, so far as the point here involved is concerned, merely a property owner. It was not "any municipality" entering "into any contract," within the meaning of Section 352. Its rights and interests were fully conserved, the same as those of the owner of any other property subject to special assessment.

■ II. The council gave proper notice and held a hearing, as required by the statute. All persons interested were heard who desired to be heard. The council thereupon adjourned "to the call of the mayor." Later the council met in special session, adopted the resolution of necessity, and ordered in the improvement. Defendant contends that by adjourning without fixing a definite date for further hearing the council lost jurisdiction. She does not contend that the council is required to remain at the appointed meeting until it finally passes on the resolution of necessity and on the matter of ordering the improvement, nor does she contend that the property owners are entitled to be present after they have been heard and when the council is finally determining its action. It is to the city that the power to improve streets is given. Section 5995. The city acts through its proper administrative and legislative body, the council. The council in so acting acts as the properly constituted legislative body of the city, not as the mere agent of the property owners. The council is a continuous body, and its power is a continuing power. State v. Mayor, 28 Atl., 381 (N. J.) ; In re Mayor, 193 N. Y. 503, 87 N. E. 759; Zeo v. Lester, 135 N. E. 458, 241 Mass. 340.

To uphold plaintiff's contention would be disastrous to municipalities and to those concerned in their operations as taxpayers, purchasers at tax sale, contractors, creditors, and otherwise.

III. Plaintiff contends that the plat and schedule were not on file before the resolution of necessity was introduced, as required by Section 5993. The evidence negatives this contention.

■ IV. After the plat and schedule were made, it was found that plaintiff's property was of greater dimension than supposed, and the proposed assessment was increased accord-

ingly. Plaintiff argues that the assessment could not be made "for a sum more than 10 per cent in excess of the amount proposed in the preliminary schedule of assessment." Section 6022. The change was made "before the objection was made by Mrs. Schumacher." Plaintiff's objections before the city council did not include this one, nor is this objection included in the petition in the district court on appeal. This objection, therefore, is not open for consideration in this Court. Sections 6029, 6064.—Affirmed.

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.