IOWA PHARMACEUTICAL ASSOCIATION et al., Appellees, v.
MAY'S DRUG STORES, INC., Appellant.

No. 45422.

NOVEMBER 19, 1940.

 

Donald Evans, A. W. Bass, and R. S. Milner, for appellant.

Grimm, Elliott, Shuttleworth & Ingersoll, for appellees.

STIGER, J.—This suit has its source in chapter 431.1, 1939 Code, entitled Distribution of Trademarked Articles. The sections in the chapter material to this case are 9884.1 and 9884.3 which read:

"9884.1. Contracts as to selling price. No contract relating to the sale or resale of a commodity which bears, or the label or content of which bears, the trademark, brand, or name of the producer or owner of such commodity and which is in fair and open competition with commodities of the same general class produced by others shall be deemed in violation of any law of the state of Iowa by reason of any of the following provisions which may be contained in such contract:

"1. That the buyer will not resell such commodity except at the price stipulated by the vendor.

"2. That the vendee or producer require in delivery to whom he may resell such commodity to agree that he will not, in turn, resell except at the price stipulated by such vendor or by such vendee."

"9884.3. Actions for damages. Willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of sections 9884.1 and 9884.2, whether the person so advertising, offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

We will set out the material allegations of the petition. The plaintiffs and defendant are owners and operators of drug stores in Cedar Rapids and Marion, Linn county, Iowa. Manufacturers and wholesalers of medicinal and toilet articles entered into contracts with retailers in Iowa pursuant to the provisions of said chapter 431.1. All of the plaintiffs have complied and have continued to comply with the minimum prices fixed in said contracts. The contracts provided that buyers would not resell commodities of the manufacturers bearing the label or trademark of the products for less than the minimum retail price stipulated. The defendant, long prior to the action, was notified of the existence and terms of said contracts and of the minimum prices stipulated therein. The defendant persistently, knowingly, willfully and intentionally sold and advertised commodities at less than the minimum retail price fixed in said contracts and has asserted that it intends to continue to evade and avoid said contracts and said Iowa Fair Trade Act; that said manufacturers and wholesalers have demanded that defendant comply with said agreements but that defendant, pursuant to its plan and purpose of violating the contracts, would temporarily comply therewith and shortly thereafter would again offer said articles for sale at less than the minimum retail prices prescribed by the agreements. The petition then set out a list of 71 articles which defendant was alleged to have sold in violation of the contracts and the statute. Each item gives the date of the sale, the trademark of the article, the contract price and the price for which defendant sold the article. The petition charges that defendant sold other products of said manufacturers at prices lower than the minimum retail contract price and that defendant is pursuing a uniform policy of violating the minimum prices under which articles may be sold under contracts within the purview of chapter 431.1. The petition charges irreparable damage through impairment of their businesses, loss of good will and patronage, and plaintiffs pray that the defendant be permanently restrained from advertising or selling the commodities specifically referred to in the petition and any other trademarked commodity sold by any manufacturer under the Fair Trade Act of the state of Iowa at less than the minimum retail price.

Defendant, on May 20, 1940, filed its amended and substi-

tuted motion to strike misjoined causes of action in 23 divisions. The motion was, as to the cause of action of each individual plaintiff, to strike out of the petition the cause of each of the other co-plaintiffs because of misjoinder of causes of action. This motion was overruled May 24, 1940, and defendant perfected its appeal from this ruling on June 1st. On June 10, 1940, defendant filed a motion in four divisions. The first motion was a motion to dismiss all of the causes of action. Division 2 moves to strike certain paragraphs of the petition. Division 3 required plaintiffs to state in separate counts or divisions each cause of action of each plaintiff. Division 4 of the motion required plaintiffs to make the petition more definite and certain. The trial court overruled divisions 1, 3 and 4 and part of division 2, and sustained a part of division 2. Plaintiffs and defendant appealed from adverse rulings. Defendant will be referred to as appellant.

We will consider appellant's first and second assignments of error together. The first assignment is that the court erred in overruling its motion to strike misjoined causes of action. The second assignment of error is that the court erred in overruling its motion to require plaintiffs to state the cause of action of each plaintiff in a separate division.

Sections 10963, 10969, 10970, 1939 Code, read:

"10963 Motion to strike out. The court, at any time before the answer is filed, upon motion of the defendant, shall strike out of the petition any cause or causes of action improperly joined with others."

"10969 Plaintiffs joined. All persons having an interest in the subject of the action, and in obtaining the relief demanded, may join as plaintiffs, except as otherwise provided."

"10970 United interests in equity. Where two or more persons claim a right of recovery against the same party or parties on like causes of action cognizable in equity, they may join as parties plaintiff, and relief may be granted to each according to his interest."

Appellant's assignment rests on its contention that the petition contains 23 separate causes of action. Plaintiffs' version of the pleading is that it alleges a single cause of action

against the appellant. We agree with plaintiffs' interpretation of the petition.

Section 9884.3 provides that if a person knowingly advertises or sells any commodity at less than the stipulated contract price, he is guilty of unfair competition. Plaintiffs seek to restrain appellant from violating this statute, from committing acts that constitute unfair competition with plaintiffs. The plaintiffs have complained of a single wrong—unfair competition. The gravamen of the petition is that the appellant has demonstrated that unfair competition, as defined by the statute, is its deliberate business policy; that it operates its business and will continue to operate its business in willful violation of this Fair Trade Act; that appellant is indulging in one single and continuous course of conduct, one practice, one series of acts and a general trade policy which injures all plaintiffs in common.

While the interests of the several plaintiffs in the suit may not be equal, they all have a common interest in the subject of the suit and in the relief sought. The acts complained of have the same damaging effect on all the plaintiffs. The petition shows that a single right of each of the plaintiffs has been invaded, that is, the right to be free of the burden of unfair competition as defined by the statute. All the plaintiffs seek the same relief, relief from unfair competition. 49 C. J., page 158, states:

"Facts constituting one entire transaction may be set forth in a single count, statement, or paragraph as a single cause of action, even though two or more grounds of liability or parts of the transaction are set forth; and when a single and continuous purpose runs through an entire transaction made up of various acts, each of which might alone constitute a cause of action, it is proper to set up all the facts in one count as a single cause of action."

In Boyce v. Odell Commission Co., 107 F. 58, 59, the court said:

"In the present case the court is of opinion that the facts stated in the complaint constitute one continuous transaction, which is properly pleaded in a single count. The bets or wagers

560

were all in pursuance of a common purpose to carry on a scheme of gambling in margins. * * * One single and continuous purpose evidently ran through the .entire transaction. This view seems to find ample support in the cases decided in this and other states, a few of which are here referred to. * * * A series of illegal acts of discrimination by a common carrier against a shipper constitute only one cause of action, and the several acts need not be stated in separate paragraphs.''

In Richman v. Board of Sup. of Muscatine County, 70 Iowa 627, 629, 26 N. W. 24, 25, the opinion states:

''All of plaintiffs have an interest in this subject and in the remedy sought. Their interest is alike, though not equal. The remedy sought is a judgment declaring the proceedings void. One judgment will afford the relief asked by each plaintiff. * * * it is certain that the plaintiffs have a common interest in the subject of the action and in the relief sought therein; they may therefore join as plaintiffs. * * * Independent School-dist. Graham Tp. v. Independent School-dist. No. 2, Id., 322, and Bort v. Yaw, 46 Id., 323, are unlike this case, inasmuch as the plaintiffs in the respective cases were not interested alike in the relief sought. Each plaintiff sought distinct relief.''

The trial court was right in ruling there was no misjoinder of causes of action and in overruling appellant's motion to strike and to separate the petition into counts or divisions.

II. Appellant claims the court committed error in overruling its motion to require plaintiffs to state whether or not the contracts referred to in the petition were in writing. Section 11129, 1939 Code, reads:

''11129 Pleading contract. No pleading which recites or refers to a contract shall be sufficiently specific unless it states whether it is in writing or not.''

In view of this definite, statutory pronouncement, the trial court should have .sustained the motion.

III. Another assignment is that the court overruled appellant's motion to require plaintiffs to set out an exhibit of the contracts referred to in the petition. The court properly overruled this motion. . ·

Appellant states in argument that "these contracts furnish the very claim, basis and foundation of the action." We do not agree with this proposition.

Appellant is not a party to the contracts and is not subject to contractual liability. The statute defines unfair competition and creates a tort liability in favor of any persons damaged by a violation of the statute. Plaintiffs are seeking relief from unfair competition and are not attempting to enforce a contract liability. The contracts are not the foundation of this suit, but are evidentiary in character. Weco Products Co. v. Reed Drug Co., 225 Wis. 474, 274 N. W. 426; Port Chester Wine & Liquor Shop, Inc. v. Miller Bros. Fruiterers, 281 N. Y. 101, 22 N. E. 2d 253. The trial court was right in not compelling the plaintiffs to set out their evidence in the petition.

IV. The court overruled appellant's motion B2 requiring plaintiffs to state when and where the contracts were entered into. There is no error in this ruling. The petition states that the contracts were in full force and effect when the sales were made and at the commencement of the suit and as time and place were not material to the issue no prejudice resulted to appellant from the ruling.

V. We think the trial court was in error in overruling the motions B3 and B4 requiring plaintiffs to give the names of the contracting parties. Plaintiffs have alleged the contracts were in full force and effect when the sales were made and the litigation commenced and that appellant was bound by the minimum resale prices fixed therein. Appellant may traverse these allegations and it would be difficult for it to secure evidence to show the status of the contracts at the time the sales were made without knowledge of the parties to the contracts.

Subject to the errors pointed out above, we are not in agreement with appellant's contention that the allegations of the petition are so indefinite and uncertain that the precise nature of the charge is not apparent and it is unable to properly prepare its defense.

Paragraph 5 of the petition states the substance of the contracts in the following language:

"* * * which contracts provided, pursuant to and in accordance with the provisions of Chapter 431.1 of the 1939 Code

of Iowa, that the buyer would not resell such commodities of said manufacturers, distributors, or wholesalers bearing the label, or the content of which bears the trademark, brand, or name of the producer, for less than the minimum retail prices stipulated, and that the vendee or producer of any such commodity require in delivery to whom he might resell such commodity an agreement that he would not, in turn, resell for less than the minimum price so established.''

The petition further states that with knowledge of the provisions of the contracts appellant is deliberately pursuing a single continuous course of conduct designed to violate the statute and the contracts and as a part of its general trade policy.

We hold that, subject to the exceptions noted above in divisions 2 and 5, the petition apprises appellant of the contents of the contracts and nature of the charge and that no prejudice has resulted to appellant through the overruling of its motion to make the petition more specific.

VI. Section ''e'' of division 4 of appellant's motion for more specific statement requires plaintiffs to state:

''e-1. The name of the plaintiff it is claimed has such cause of action.

''e-2. Whether such cause of action is individual or joint.

''e-3. If joint, the names of the coparties interested in such cause of action.

''e-4. To state the sale of what article or articles it is claimed gives rise to the cause of action.

''e-5. To state the manufacturer, distributor or wholesaler from which such article or commodity is obtained.

''e-12. In any case, to set out a complete bill of particulars as to the alleged sales it is claimed were made by defendant, including when, where, to whom, the nature of the commodity sold, and at what price.''

This motion evidences a misconception by appellant of the nature of plaintiffs' cause of action. This is not a case, such as Miller v. Hawkeye Gold Dredging Co., 156 Iowa 557, 568, 137 N. W. 507, 511, cited by appellant, where the claims of the plaintiffs are separate, distinct, independent one from the other.

In the Miller case, supra, the court states:

"The rule is tersely stated in Cooper Eq. Pl. 182: 'The court will not permit several plaintiffs to demand by one bill several matters perfectly distinct and unconnected against one defendant, nor one plaintiff to demand several matters of distinct natures against several defendants.' "

As heretofore stated, plaintiffs join in this petition because of their unity of interest in the object to be obtained by the suit and their common benefit in the relief sought, and have stated a single cause of action for unfair competition.

Plaintiffs have listed particular sales made in violation of the contracts referred to in the petition and upon information and belief allege appellant sold many other articles in violation of the contracts and at the time of the commencement of the suit they could not set them out with any particularity. They set out in the petition all of the particular sales they had knowledge of and stated there were many other sales of which they had at the time of the commencement of the action no direct proof. The particular sales are evidence of the ultimate fact to be established by plaintiffs—unfair competition resulting in damage to them.

VII. Paragraph 22 of the petition stated that plaintiffs brought the action for themselves individually and as representatives of all others engaged in the retail drug business in the county of Linn, state of Iowa, and as representatives of said class, all of the plaintiffs having a common interest, and that the suit is brought by plaintiffs individually and as representatives of said class of retail druggists to avoid a multiplicity of suits. The trial court overruled appellant's motion to strike paragraph 22 on the ground that the same is a sham, immaterial and irrelevant, and "is an attempt to represent a class of plaintiffs and to make this a class suit, which is obviously impossible; that the theory of said paragraph utterly ignores the provision of section 9884.3 of the Code of Iowa; that under said section a class suit or a suit purporting to represent a class of plaintiffs can not be brought or maintained."

Section 10974, 1939 Code, reads:

"10974 One suing for all. When the question is one of a common or general interest to many persons, or when the par-

ties are very numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole.''

The allegations of the petition bring this case within the statute. The petition states that all the plaintiffs were damaged by the wrongful competition of appellant which consisted of the selling of commodities at less than the price stipulated in the contracts. Section 9884.3 does not purport to prescribe the remedy available to a person damaged by unfair competition. It states that the statutory unfair competition is actionable at the suit of any person damaged. The petition shows that the persons injured by appellant's unfair competition are very numerous and although each has a separate interest, all have a common interest in the subject of the litigation and are seeking the same relief. We find no error in this assignment.

We have considered all of the questions argued by appellant and conclude that the case should be and is affirmed on appellant's appeal subject to the modification required by our holdings in divisions 2 and 5.

■ VIII. We will now consider the appeal of the plaintiffs. Paragraphs 11, 12 and 13 of the petition refer to permanent injunctions obtained in the district court of Iowa in and for Linn county against the appellant herein, May's Drug Stores, by Barron Motor, Inc., on April 9, 1938, by F. W. Fitch Company on July 12, 1937, and Mead Johnson & Company on November 10, 1939, restraining appellant herein from violating the Fair Trade Act contracts entered into under the provisions of chapter 431.1.

Appellant moved to strike said paragraphs out of the petition on the following ground:

''d. To strike out of the petition all of said paragraphs as incompetent, irrelevant and immaterial; that the same are shams; that the same are not germane to the suit nor any portion thereof; that none of the plaintiffs claim to have been interested in the alleged litigation and decrees therein referred to; that the same are opinions and conclusions and attempts to plead a judgment or decree without setting out the same in writing, and hence are improper.''

The trial court sustained this motion. We are of the opinion the said decrees tend to sustain plaintiffs' contention that the violation by appellant of the Fair Trade Act has been wrongful, intentional and deliberate; that as fast as one injunction was obtained against appellant on one manufacturer's product it would switch to the products of some other manufacturer and would continue its purposeful unfair competition. This motion should have been overruled.

IX. Paragraph 17 of the petition charged upon information and belief that in addition to the 71 articles enumerated in paragraph 16 appellant not only advertised and sold other products of manufacturers referred to in the petition in violation of the contracts, but also advertised and sold numerous other products of other manufacturers and wholesalers at prices lower than the minimum retail prices stipulated in contracts (other than the contracts referred to in the petition) entered into pursuant to chapter 431.1, C., '39 and that appellant, ignoring repeated requests to desist therefrom, continues to sell such products in violation of the contracts. Paragraph 18 (a) also refers to contracts of manufacturers and wholesalers other than those referred to in the petition which appellant is alleged to have violated. The trial court sustained appellant's motion to strike the two paragraphs and plaintiffs complain of the ruling.

This issue raises the question of the extent of the relief to which plaintiffs are entitled. The petition not only prays for an injunction restraining appellant from unfair competition with reference to the contracts and products enumerated in the petition, which contracts plaintiffs allege they are complying with, but also asks for a blanket injunction restraining appellant from any violation of the statute regardless of whether or not such violation constitutes unfair competition with the plaintiffs.

In effect, the blanket injunction seeks to restrain appellant from violating any contract made by any manufacturer or wholesaler pursuant to chapter 431.1, C., '39. Plaintiff's position on this issue is stated in the following language:

"Where it is shown that the defendant willfully, knowingly and intentionally, as a deliberate, general course of conduct, illegally, unlawfully, ignores and violates minimum fair trade

prices prescribed by the manufacturer under the provisions of the Iowa Fair Trade Act, plaintiff is entitled to a blanket, or general injunction to enjoin and restrain such conduct and is not limited to specific acts.''

We are of the opinion the trial court was right in sustaining the motion. Plaintiffs state in argument:

''As we have heretofore set forth, the defendant is engaged in openly and flagrantly defying the enforcement of the contracts made relating to the minimum prices on trademarked articles. As fast as a specific injunction is obtained on one product, the defendant, plaintiffs' petition alleges, will shift to another. He has adopted this price cutting of advertised leaders as a general plan of business. The only effective relief which these plaintiffs can have against defendant's wrongful and general course of 'unfair competition' is by a blanket injunction.''

We are not in accord with plaintiffs on this proposition. They cite the case of Louisville & N. R. Co. v. Bitterman, 144 F. 34, which was affirmed in Bitterman v. Louisville & N. R. Co., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171. These cases tend to sustain plaintiffs' right to an injunction restraining appellant from willfully advertising or selling in the future commodities sold under the contracts in the petition at less than the price stipulated, but in our opinion, do not sustain their right to a blanket injunction restraining appellant from violating section 9884.3, 1939 Code. Such a blanket injunction would restrain appellant from violating the statute with reference to contracts not in existence or in which plaintiffs have no interest and from a violation of which plaintiffs have not suffered damages. Section 9884.3 provides that the statutory unfair competition is ''actionable at the suit of any person damaged thereby.'' The blanket injunction desired by plaintiffs would restrain appellant from violating the statute and subject it to the burden of justifying its future acts in contempt proceedings.

In the Bitterman case, supra, the railroad company sought a blanket injunction to prevent defendants from scalping its railroad tickets. The lower court found the scalping of tickets violated plaintiff's rights, caused irreparable injuries, and re-

strained defendants from scalping reduced rate nontransferable tickets issued by plaintiff but refused relief as to future issues. The case was reversed by the circuit court of appeals which reversal was affirmed by the supreme court. In the opinion rendered by the circuit court of appeals, it is stated [144 F. 34, 45]:

"That the defendants to the bill filed in the court below have repeatedly interfered and procured the violation of complainant's contract, and propose to continue in the same line of action, is fully shown in the pleadings and proof in the transcript. The remedy at law is plainly inadequate, because not only involving a multiplicity of suits, but because of the difficulty of detecting each offense and of ascertaining pecuniary equivalents for the injury done to complainant's business and for the inconveniences, annoyances, extra expense, outlays, and risks involved in the matter. The case therefore shows an actionable wrong of a recurrent and continuing nature, and, to prevent the same, the complainant is entitled to an injunction. We think, further, that on the case made in the bill the injunction should be permanent," etc.

In affirming the circuit court of appeals, the supreme court said [207 U. S. 205, 227, 28 S. Ct. 91, 99, 52 L. Ed. 171]:

"The defendants in effect not only admitted the unlawful course of dealing as to particular tickets then outstanding, but expressly avowed that they possessed the right, and that it was their intention to carry on the business as to all future issues of a similar character of tickets. The action of the Circuit Court of Appeals, therefore, in causing the injunction to apply not only to the illegal dealings as to the then outstanding tickets, but to like dealings as to similar tickets which might be issued in the future, was but the exertion by the court of its power to restrain the continued commission against the rights of the complainant in the future of a definite character of acts adjudged to be wrongful. * * * The necessary predicate of the decree was the illegal nature of the dealings by the defendants in the outstanding tickets, and the fact that such dealings if allowed would seriously impair the right of the complainant in the future to issue the tickets. Doubtless, for this reason the decree was made without prejudice to the

right of the complainant to apply for relief as to future issues of tickets by independent proceedings whenever on other occasions it was determined to issue non-transferable tickets. But this was to deny adequate relief, since it subjected the complainant to the necessity, as a preliminary to the exercise of the right to issue tickets, to begin a new suit with the object of restraining the defendants from the commission in the future of acts identical with those which the court had already adjudged to be wrongful and violative of the rights of the complainant.''

The decision in the Bitterman case found that the scalping of the tickets issued violated the present right of plaintiff to its damage and restrained defendants from a repetition of such acts, enjoined them from committing, in the future, acts which had been adjudged to be wrongful and in violation of the rights of and injurious to the plaintiff.

Section 9884.3 provides that the advertising or selling of products at less than the stipulated price constitutes unfair competition and is actionable at the suit of any person damaged thereby.

In New York, New Haven and Hartford Railroad Company v. Interstate Commerce Commission, 200 U. S. 361, 26 S. Ct. 272, 50 L. Ed. 515, the petition of the Commerce Commission averred the Chesapeake and Ohio Railroad Company engaged in the carriage of coal in interstate commerce at less than the published rates and discriminated in favor of the New York, New Haven and Hartford Railroad Company in violation of the act to regulate commerce. The court held that a carrier that had been adjudged to have violated the specific provisions of the act to regulate commerce (maintaining published rates and prohibiting against undue preferences and discriminations) may be restrained from further like violations of the act but should not in general terms be enjoined from violating the act in the future in any particular.

The court stated [200 U. S. 361, 404, 26 S. Ct. 272, 282, 50 L. Ed. 515] :

''The contention, therefore, is that whenever a carrier has been adjudged to have violated the act to regulate commerce in

any particular it is the duty of the court, not only to enjoin the carrier from further like violations of the act, but to command it in general terms not to violate the act in the future in any particular. In other words, the proposition is that by the effect of a judgment against a carrier concerning a specific violation of the act, the carrier ceases to be under the protection of the law of the land and must thereafter conduct all its business under the jeopardy of punishment for contempt for violating a general injunction. To state the proposition is, we think, to answer it. Swift & Company v. United States, 196 U. S. 375.''

Plaintiffs assert that ''if a blanket injunction may not be properly issued against one who consistently violates this act as a matter of fixed policy, these plaintiffs, and all other retail dealers for all time to come will have no effective remedy to enforce their rights under this act at all. The act will, seriously and literally, be valueless.'' We cannot agree with this statement. The rights of plaintiffs and other retail dealers must have their source in contracts, the violation of which results in unfair competition and damage to them.

Plaintiffs and other retail dealers will have an effective remedy to enforce their rights when such rights come into existence through the violation of contracts which constitute unfair competition to their damage.

We are of the opinion that plaintiffs are not entitled to the blanket injunction and their relief should be confined to further violations of the contracts referred to in the petition and established at the trial.

The case of Swift & Company v. United States, 196 U. S. 375, 402, 25 S. Ct. 276, 282, 49 L. Ed. 518, was a suit for injunction against violation of an act to protect trade and commerce against unlawful restraints and monopolies. The opinion states:

'' * * * the criticism of the decree, as if it ran generally against combinations in restraint of trade or to monopolize trade, ceases to have any force when the clause against 'any other method or device' is stricken out. So modified it restrains such combinations only to the extent of certain specified devices, which the defendants are alleged to have. used and intend to continue to use.''

On plaintiffs' appeal, the case is affirmed, subject to the modification found in division VIII.

The case is modified and affirmed as to both appeals.—Modified and affirmed.

BLISS, SAGER, MILLER, and HALE, JJ., concur.